IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

TAMMY DAWN MABERRY,          )
                             )
        Plaintiff,           )
                             )
vs.                          )
                             )   Case No. 3:13-CV-00499
NUCLEAR FUEL SERVICES, INC., )
                             )
        Defendant.           )

## MEMORANDUM OF LAW

Plaintiff seeks redress for her wrongful termination by Defendant on the grounds of race, color, gender and illegal retaliation. (Doc. 1, First Amended Complaint) Plaintiff is a registered nurse and was employed by the Defendant as Medical And Wellness Programs Manager. (First Am. Compl., par. 6) Defendant, Nuclear Fuel Services, Inc. is a large (over 800 employees) employer located in Unicoi County, Tennessee. (First Am. Cmpl., par. 2)

Plaintiff alleges that she is of Native American heritage (Cherokee) (First Am. Compl.. par. 7), and that she bears certain characteristics of her heritage, including darker skin. (First Am. Compl. par. 32) She has been asked by co-workers why she is so dark. (First Am. Compl. par. 33) She alleges that the workplace at Nuclear Fuels is almost completely white, as is the surrounding community. (First Am. Compl. par. 34)

Defendant seeks to have the case transferred from the Knoxville Division of this court to the Greeneville Division.[1] The statute under which Defendant makes its request is 28 U.S.C. 1404 (a) which provides: "For the convenience of parties and witnesses, in the interest of justice,

---

[1] Without wishing to be disrespectful, Plaintiff's counsel notes he has had two recent cases, *Villier v. Dawn of Hope*, U.S.D.C. No.: 2:12-cv-00344 and *Spencer v. Mountain States Health*

a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

This case was commenced in the Circuit Court for Knox County, Tennessee, and was removed to this court. (Doc. 1) The removal statute, 28 U.S.C. 1441, addresses the venue to which a case which in state court may be removed:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The removal statute specifies that removal is to the <u>district and division</u> where the action is pending. Plaintiff suggests that the reason for this is that Congress did not wish to open the process to "forum shopping" by a defendant. *See, e.g., Terra International Inc. v. Mississippi Chemical Corp.* 922 F.Supp. 1334 (N.D.W.Va. 1996). A defendant has the protection of being able to remove a case to federal court, but not to a federal court of its choosing.

Plaintiff's opposition to transfer is based on the "interests of justice." A court may refuse transfer because it would not be in the interests of justice. *Daniel v. American Bd. of Emergency Medicine*, 428 F.3d 408 (Fed. 2nd Cir., 2005). Being completely candid, Plaintiff chose the Knox County forum because she believes she will get a more diverse jury pool there. (United States Census Bureau data shows that the percentage of "white alone" citizens in Unicoi County, Tennessee is 98.1%; in Greene County, Tennessee it is 96%; as opposed to 86.5 % in Knox County. Source, United States Census Bureau, Quick Facts, accessed at:

---

*Alliance,* U.S.D.C. No.: 2:13-cv-00054 which were assigned to the Chattanooga Division. In both of these cases, all parties, counsel, and primary witnesses were all located in Northeast Tennessee. Counsel understands that this was a factor of caseload management, and urges that this case remain where it is.

2

http://quickfacts.census.gov/qfd/index.html) Plaintiff believes that the court, in the interest of justice, should honor Plaintiff's choice of forum.

The burden of persuasion in regard to a transfer of venue is upon the party requesting the transfer. *Garay v BRB*, 755 F. Supp. 1010 (M. D. Fl. 1991) There exists a "strong presumption against disturbing plaintiff's initial forum choice." *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica*, SA., 382 F.3d 1097, 1100 (11th Cir. 2004).

Because Plaintiffs bear the burden of proof and because they are the initiators of actions such as this, they are given the freedom to select the forum. The plaintiff's choice of forum is entitled to great weight, and will not be lightly disturbed. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir.1996) ("'The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations,'" quoting Howell v. Tanner, 650 F.2d 610, 616 (5th Cir. Unit B 1981), cert. denied, 456 U.S. 918, 102 S.Ct. 1775, 72 L.Ed.2d 178 (1982); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.1995). "Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed..." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir.1992) quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir.1972).

Although Defendant now wishes to move this case to what it considers to be a more preferable venue, ironically, the Defendant also chose this venue. As Defendant points out in its Motion to Transfer Venue, Defendant's registered agent for service of process is in Knoxville. Under Tennessee statutes, a corporation may be sued in the county where its registered agent is located. Defendant, no doubt, chose its registered agent for valid, strategic reasons. In so doing, Defendant consented to be sued in Knox County, Tennessee. Defendant should not now be heard to complain that its own choice is "not convenient." The "transfer" statute, 28 U.S.C.

1404(a), was not intended to be a vehicle to change the balance of power between the parties. *Van Dusen v. Barrack*, 376 U.S. 612, 636, 84 S.Ct. 805, 819 11 L.Ed.2d 945 (1964).

Most of the cases which address this issue seem to grapple with whether to transfer a case from one distant state to another, and deal with such issues as whether a party can get a fair trial due to such things as choice of state law, whether a judgment can be enforced in a forum state, the compulsory attendance of witnesses and the cost and difficulty of requiring witnesses to travel cross-continent. *See, e.g., Terra International Inc. v. Mississippi Chemical Corp.* 922 F.Supp. 1334 (N.D.W.Va. 1996). The choice of either Knoxville on one hand, or Greeneville on the other, a trip of just over one hour, hardly conjures up those kinds of issues.[2] And, indeed, the Defendant must have contemplated exactly this type of thing when it chose Knox County as its corporate *forum conveniens*. It is rather ironic that Defendant, a very large employer is complaining about the minor cost difference in a suit by a former employee who it put out of work. Plaintiff is agreeable to the Knox County venue and since she lives in Eastern Virginia, notes that the difference is negligible to her.

For these reasons, Plaintiff prays that the Court deny Defendant's Motion. Plaintiff also asks that the Court schedule a hearing or conference with counsel before ruling to discuss procedural and jurisdictional issues.

*(Remainder of this page intentionally left blank)*

---

[2] The inconvenience to Defendant will be minimal. Depositions, no doubt will be taken at the office of counsel which are both close to Defendant's place of business. The discovery process can take place at the NFS facility or counsel's office, so that the only inconvenience will be at trial, which again, only amounts to just over a one hour drive.

4

Respectfully Submitted,

_____
E. Patrick Hull, BPR No. 004437
Attorney for Plaintiff
229 E. New Street
P.O. Box 1388
Kingsport, TN 37662
Ph: (423) 247-6151
Fax: (423) 247-6152
Email: pat@hull-firm.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 18th, 2013, a copy of the foregoing Memorandum of Law was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular US Mail. Parties may access this filing through the Court's electronic filing system.

    Jennifer P. Keller, Esq.
    BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, PC
    100 Med Tech Parkway, Suite 200
    P.O. Box 3038
    Johnson City, Tennessee 37602.

_____
E. Patrick Hull, Attorney