UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TAMMY DAWN MABERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-CV-499 |
| | ) | (VARLAN/GUYTON) |
| NUCLEAR FUEL SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This civil action is before the Court on defendant's Motion to Transfer Venue [Doc. 6], in which it requests that the Court transfer this action to the United States District Court for the Eastern District of Tennessee, Northeastern Division, at Greeneville. Plaintiff has filed a response [Doc. 8] in opposition to the pending motion to transfer, and defendant has filed a reply [Doc. 10], thereby making this matter ripe for adjudication. For the reasons set forth below, the Court will grant defendant's motion to transfer.

**I.    Background**

Defendant is a fuel manufacturer located in Unicoi County, Tennessee, which is within the Northeastern Division of the Eastern District of Tennessee [Doc. 7]. Plaintiff was employed at defendant's Unicoi County facility as a "Medical and Wellness Programs Manager" beginning in approximately April of 2010, but was terminated by defendant on November 27, 2012 [Doc. 1-1]. Plaintiff, a forty-one year old female who

claims Native American heritage, alleges various types of discrimination on the part of defendant relating to her employment and termination, including discrimination on the basis of her sex, race, and age [*Id.*]. Of note, plaintiff was formerly a resident of Washington County, Tennessee, but now lives in eastern Virginia [Doc. 9].

On January 9, 2013, plaintiff filed suit against defendant in the Circuit Court for Knox County, Tennessee, alleging various unlawful conduct under Tennessee law [Doc. 1-1]. As is pertinent here, plaintiff later amended her complaint to include claims against defendant under Title VII of the Civil Rights Act of 1964 [Doc. 1-1]. Accordingly, on August 19, 2013, defendant timely removed plaintiff's action to the United States District Court for the Eastern District of Tennessee, Northern Division, at Knoxville, pursuant to 28 U.S.C. § 1441(a) [Doc. 1]. Then, on August 29, 2013, defendant filed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) [Doc. 6]. In this motion, defendant argues that the Court should exercise its discretion to transfer this action to the more convenient forum of the Northeastern Division of this district. Plaintiff opposes the motion to transfer [Doc. 8], contending that defendant has not carried its burden in justifying the transfer. Defendant replied, attempting to rebut many of plaintiff's grounds for why venue should remain in this Court [Doc. 10].

II.     **Analysis**

Defendant proposes transferring venue to the United States District Court for the Eastern District of Tennessee, Northeastern Division, pursuant to 28 U.S.C. § 1404(a), the discretionary venue transfer statute. This statute provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). The threshold inquiry with any motion to transfer via § 1404(a) is whether the case "might have been brought" in the transferee court. *Id.* Here, defendant asserts, and plaintiff does not dispute, that this action could have been properly brought in the Northeastern Division of this district, given that (1) plaintiff worked for defendant in a county located in the Northeastern Division; (2) all of plaintiff's employment records are in that county; and (3) defendant's alleged unlawful conduct occurred in that county. *See* 42 U.S.C. § 2000e-5(f)(3) (setting forth the proper venue for Title VII actions). Accordingly, the Court must consider whether transfer of this action to the Northeastern Division is appropriate.

If venue is proper, and yet another federal district court would be a more convenient forum, the case may be transferred pursuant to § 1404(a) to that other forum. As the United States Supreme Court has stated, "[s]ection 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (footnote omitted). The decision of whether to transfer under § 1404(a) is left to the discretion of the district court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *see also Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 537 (6th Cir. 2002) (stating that "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness").

3

Consequently, a district court's decision to grant a motion to transfer venue via § 1404(a) "should not be set aside unless there is an apparent abuse of discretion." *Nicol v. Koscinski*, 188 F.2d 537, 538 (6th Cir. 1951).

"[T]he party seeking a transfer under § 1404(a) bears the burden of demonstrating by a preponderance of the evidence that transfer to another district is warranted." *United States v. Gonzales & Gonzales Bonds & Ins. Agency, Inc.*, 677 F. Supp. 2d 987, 991 (W.D. Tenn. 2010). With this inquiry, the plaintiff's original choice of forum is normally given "considerable weight," with "the balance of convenience, considering all the relevant factors, [needing to] be strongly in favor of a transfer before such will be granted." *Hanning v. New England Mut. Life Ins. Co.*, 710 F. Supp. 213, 214 (S.D. Ohio 1989).

Yet, importantly, "a plaintiff's choice of forum is entitled to somewhat less weight when the case is removed to federal court because the plaintiff is no longer in his or her chosen forum, which was state court." *Sky Technologies Partners, LLC v. Midwest Research Inst.*, 125 F. Supp. 2d 286, 292 (S.D. Ohio 2000) (citations omitted). Moreover, a plaintiff's choice of forum "has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff." *Chicago, R. I. & P. R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955) (quoting *Josephson v. McGuire*, 121 F. Supp. 83, 84 (D. Mass. 1954)); *see also Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Guarantee Trust Life Ins. Co.*, 8 F. Supp. 2d 1008, 1011 (N.D. Ohio 1998) (holding that, in such an instance, "Plaintiffs' choice of forum is given the same weight

as the other factors necessary to a transfer analysis because it is not Plaintiffs' home forum nor did the operative events take place in [that] district"); *Tranor v. Brown*, 913 F. Supp. 388, 391 (E.D. Pa. 1996) (noting that because the plaintiffs and events at issue had no connection with the chosen forum, plaintiffs' forum choice was "not entitled to great weight"); *Verosol B.V. v. Hunter Douglas, Inc.*, 806 F. Supp. 582, 592 (E.D. Va. 1992) (stating that when "a plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum, the plaintiff's chosen venue is not entitled to such substantial weight"). Finally, "several courts have indicated that if [the] plaintiff chooses a forum that is not the plaintiff's residence, this choice is given less consideration." *Cent. States, Se. & Sw. Areas Health & Welfare Fund*, 8 F. Supp. 2d at 1010-11.

In determining whether to grant a motion to transfer venue via § 1404(a), a district court must consider and balance all of the relevant factors to resolve whether the litigation in question would proceed more conveniently and whether the interests of justice would be better served through transfer to a different forum, thereby requiring a highly contextualized and case-specific inquiry. *Stewart Org.*, 487 U.S. at 29. Within the Sixth Circuit, district courts generally consider the following factors:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.

*MCNIC Oil & Gas Co. v. IBEX Res. Co.*, 23 F. Supp. 2d 729, 738-39 (E.D. Mich. 1998) (quoting *Helder v. Hitachi Power Tools, USA Ltd.*, 764 F. Supp. 93, 96 (E.D. Mich.

5

1991)).  "In short, the Court may consider any factor that may make any eventual trial 'easy, expeditious, and inexpensive.'"  *Helder*, 764 F. Supp. at 96 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

Here, defendant argues that the Northeastern Division of this district would be a more convenient venue for this litigation because: (1) all of the actions giving rise to plaintiff's claims occurred in Unicoi County Tennessee, which is in the Northeastern Division; (2) all of the sources of proof and witnesses[1] related to plaintiff's claims are located within the Northeastern Division; and (3) defendant made all decisions relative to plaintiff's employment within the Northeastern Division.  Therefore, defendant contends, "[t]ransfer would allow for the most effective and efficient discovery of evidence . . . and would allow for the compulsion of relevant witnesses at trial" [Doc. 7].

In response, plaintiff argues that the removal statute specifies that an action "may be removed . . . to the district court of the United States for the *district and division* embracing the place where such action is pending."  28 U.S.C. § 1441 (emphasis added). Plaintiff suggests that this statutory language is intended to limit forum shopping upon removal.  Additionally, plaintiff candidly admits that she chose to file her action in Knoxville in the hope that she might draw a more diverse jury pool.  Further, plaintiff emphasizes that the burden of persuasion is on the party seeking a transfer and cites case law according great weight to the plaintiff's choice of forum.  Plaintiff also submits that

---

[1] Defendant avers that the only known, relevant witness not located within the Northeastern Division's jurisdiction is plaintiff, who lives in Virginia.  Defendant also points out that Greeneville is more convenient to plaintiff than Knoxville.

6

defendant consented to being sued in Knoxville by locating its registered agent there and contends that defendant should not be permitted to now argue that Knoxville is not a convenient venue. Finally, from a practical standpoint, plaintiff claims that defendant is a large employer who will not be significantly burdened by having to travel to Knoxville, especially in comparison to plaintiff's travel burden, and that all discovery will take place near defendant's place of business.

Defendant replied that plaintiff's choice of forum is not entitled to much weight given that plaintiff does not live within the forum and none of the events giving rise to her claims occurred within the forum. Moreover, though defendant submits that jury pool diversity is an improper consideration when determining whether to transfer venue, it alternatively argues that the percentage of Native Americans, a group in which plaintiff claims membership, is equal in the Northern and Northeastern Divisions, thus alleviating plaintiff's concerns. Finally, defendant argues that 28 U.S.C. § 1391 controls the propriety of venue under federal law, not where defendant's registered agent is located.

While denying transfer of this case would likely impose only minor additional costs to defendant given that defendant would be required to travel approximately 100 miles to Knoxville to litigate this matter, almost all of the other applicable factors the Court must consider counsel strongly toward transferring this suit to the Northeastern Division, at Greeneville. Defendant operates out of Unicoi County, Tennessee, in the Northeastern Division, and all of its business and employment records are located there. Moreover, plaintiff does not dispute that all known, relevant witnesses, other than

7

plaintiff, are located within the Northeastern Division. Furthermore, all of the actions giving rise to plaintiff's claim occurred within the Northeastern Division. Thus, considerations like adjudicating the claims in a forum most convenient to the parties and witnesses, assuring ease of access to proof, and most efficiently and inexpensively conducting the litigation all militate in favor of a transfer.

Though plaintiff argues that the language in the removal statute implies that removal should be limited to the "district and division" where the action was previously pending, 28 U.S.C. § 1441(a), "[r]emoval of an action from state court to federal court does not estop the removing party from seeking to have the case transferred pursuant to 28 U.S.C. § 1404(a)," *Midwest Motor Supply Co., Inc. v. Kimball*, 761 F. Supp. 1316, 1320 n.1 (S.D. Ohio 1991). Also, a plaintiff's choice of forum is entitled to less deference when the case has been removed to federal court because the plaintiff's chosen forum was state court. *Sky Technologies Partners, LLC*, 125 F. Supp. 2d at 292. A plaintiff's choice of forum is also accorded less weight when the conduct complained of occurred elsewhere. *Igoe*, 220 F.2d at 304 (quoting *Josephson*, 121 F. Supp. at 84). Even more, courts have indicated that a plaintiff's choice is less important when the plaintiff does not reside in the chosen forum. *Cent. States, Se. & Sw. Areas Health & Welfare Fund*, 8 F. Supp. 2d at 1010-11.

In the instant matter, all three of these considerations limiting the weight to be accorded to plaintiff's choice of forum are applicable: (1) plaintiff's chosen forum was the Circuit Court for Knox County, not this Court; (2) none of the conduct plaintiff

8

Case 3:13-cv-00499 Document 12 Filed 10/07/13 Page 8 of 10 PageID #: 110

complains of occurred in the Northern Division; and (3) plaintiff does not reside in the Northern Division. Consequently, the Court finds that plaintiff's choice of forum is entitled to considerably less deference in this case and must give way when balanced against the factors indicating that the Northeastern Division is the more convenient and proper forum. So, while plaintiff correctly points out that defendant carries the burden of persuasion on the issue of transfer, the Court finds that defendant has met this burden.

Lastly, regarding plaintiff's argument that by locating its registered agent in Knoxville, defendant chose this forum, and accordingly defendant's inconvenience argument in the instant matter should be disregarded, the Court notes that the ultimate inquiry in determining whether to transfer a case to another venue is whether the transferee venue is more convenient and better serving of the interests of justice in the particular instance. Taken together, the Court is convinced that the relevant factors favor the Northeastern Division as the most convenient and proper forum in this case. In fact, it seems that the only relationship that this case has to the Northern Division is that plaintiff filed her state court action in Knox County, presumably because defendant's registered agent is located there. However, this alone does not outweigh the multitude of factors pointing in favor of transferring this case to the Northeastern Division.

### III. Conclusion

For the reasons set forth herein, defendant's Motion to Transfer Venue [Doc. 6] will be **GRANTED** and this matter will be **TRANSFERRED** to the United States

9

District Court for the Eastern District of Tennessee, Northeastern Division, at Greeneville.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE